

**U.S. Department of Justice**

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

Christopher J. Romano
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4907
MAIN: 410-209-4800
FAX: 410-962-3124
TTY/TDD: 410-962-4462

September 6, 2012

Andrew R. Szekely, Esquire
Lawlor & Englert, LLC
6305 Ivy Lane, Suite 608
Greenbelt, MD 20770

      Re:  United States v. Kristian Bachman
          Crim. No. WDQ-11-0619

Dear Mr. Szekely:

    This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to your client, Kristian Bachman ( Defendant) by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by September 28, 2012, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

    1.  The Defendant agrees to plead guilty to Count One of the Superseding Indictment now pending against him, which charges him with Conspiracy to Distribute and Possess With Intent To Distribute 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

    2.  The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

  (A)  An agreement existed between two or more persons to distribute and possess with intent to distribute 5 kilograms or more of a quantity of a mixture or substance containing a detectable amount of cocaine; and

  (B)  the Defendant knowingly and willfully joined that agreement.

## Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: life imprisonment with a mandatory minimum of ten years imprisonment, $10,000,000 fine, and 5 years supervised release. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

### Base Offense Level and Adjustments

(a). This Office and the Defendant stipulate and agree that the applicable base offense level is a level 32, pursuant to USSG §§2D1.1(c)(4) and 1B1. 3 to account for at least 5 kilograms but less than 15 kilograms of cocaine. However, the Government believes the Defendant is a career offender, pursuant to USSG §4B1.1, and as such his base offense level is a

3

level 37 and his criminal history category is category VI.

(b). This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty.

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. The Defendant is free to argue for any offense characteristics, sentencing guidelines factors, including a departure based on role in the offense, as well as departures and/or adjustments set forth in Chapters 2, 3 or 4 of the United States Sentencing Guidelines, as well as a variance under 18 U.S.C. §3553, upon giving the Government notice at least two weeks prior to the date of sentencing. The Government reserves the right to oppose any request(s) made by the Defendant.

## Obligations of the United States Attorney's Office

9. At the time of sentencing, this Office will make a sentencing recommendation of **180 months** imprisonment pursuant to paragraph 11 below and the sealed supplement. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Rule 11 (c) (1) (C) Plea

11. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c) and the sealed supplement that a sentence of **180 months** imprisonment in the custody of the Bureau of Prisons is the appropriate disposition of this case in the event that the Defendant is a career offender. The parties agree if the Defendant is not a career offender, then pursuant to

Federal Rule of Criminal Procedure 11(c)(1)(c) and the sealed supplement that a sentence of **120 months** imprisonment in the custody of the Bureau of Prisons is the appropriate disposition. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

## Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b) The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **120 months'** imprisonment; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **180 months'** imprisonment.

c) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

14. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Brooke Carey
Christopher Romano
Assistant United States Attorneys

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10/8/12
Date

_____
Kristian Bachman

I am Kristian Bachman's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

10/8/12
Date

_____
Andrew R. Szekely, Esquire

7

EXHIBIT A

STIPULATION OF FACTS

The undersigned parties stipulate and agree that if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

On November 10, 2011, Louisiana State Police conducted a routine traffic stop on a 2011 white Chevy Impala with Texas license plate CM5G821. The vehicle originated from McAllen, Texas and was en route to Baltimore, Maryland. Law enforcement subsequently searched the vehicle and recovered approximately five brick shaped packages of suspected cocaine, which were secreted inside the back panel of the front driver's seat. Each brick package of cocaine was later weighed and field tested. The total amount of cocaine, including the package, was in excess gross weight of approximately 6 kilograms and each package of suspected cocaine field tested positive for the presence of cocaine.

Law enforcement received information from a reliable and credible confidential informant (hereafter "CI-1") that the cocaine concealed inside of the Chevy Impala belonged to Kristian BACHMAN (hereafter "BACHMAN") and that it was to be delivered to 3501 8th Avenue, Baltimore, Maryland, as specifically directed by BACHMAN. Based on this information, on November 11, 2011, law enforcement conducted a controlled delivery of the 5 kilograms packages of cocaine to Anthony TAYLOR (hereafter "TAYLOR") and Timothy DENNISON ("DENNISON") at 3501 8th Avenue, Baltimore, Maryland. According to CI-1 and another credible and reliable confidential informant (hereafter "CI-2") TAYLOR and DENNISON worked for BACHMAN and were at 3501 8th Avenue, Baltimore, Maryland to receive the cocaine on behalf of BACHMAN. During the operation, Dustin RAY (hereafter "RAY") arrived at the target location shortly after the

controlled delivery was conducted driving a silver Mercedes Benz license plate 4CKJ42, which belongs to BACHMAN.

According to CI-1, CI-1 has transported a total of at least 15 kilograms of cocaine for BACHMAN on multiple occasions over the past year. CI-1, along with others working for BACHMAN, and occasionally BACHMAN himself, would travel to Texas where they would obtain the cocaine and then drive the cocaine back to Baltimore, Maryland where BACHMAN would sell the cocaine as powder cocaine or crack cocaine. Airline records confirm that BACHMAN and others flew to McAllen, Texas on June 7, 2011 and September 8, 2011, utilizing Delta Airlines at BWI Airport. In addition, records indicate that BACHMAN rented a room at a Super 8 motel on June 8th and August 7, 2011 in McCallen, Texas. According to CI-1, these were all trips where BACHMAN ultimately received several kilograms of cocaine.

The parties further stipulate that the Government's proof would establish that the amount of cocaine that was reasonably foreseeable to the Defendant was at least 5 kilograms but less than 15 kilograms.

SO STIPULATED:

Brooke Carey
Christopher J. Romano
Assistant United States Attorneys

Krisitan Bachman

Andrew R. Szekely
Counsel for Kristian Bachman

10/8/12
Date